**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LUKE GLADYS, an individual

       Plaintiff,

v.                                 Case No:  2:15-cv-282-FtM-38CM

GULF COAST VILLAGE HOME
HEALTH, INC.,

       Defendant.

_____

**ORDER**

Before the Court is Plaintiff, Luke Gladys' Motion for Entry of Default (Doc. 9), filed on August 6, 2015.  Plaintiff moves, pursuant to Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Defendant Gulf Coast Village Home Health, Inc. for failure to respond to Plaintiff's Complaint.  For the reasons that follow, the Motion is granted.

Rule 55(a), Federal Rules of Civil Procedure, states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).   Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.   *Kelly v. Florida*, 233 Fed. Appx. 883, 884-85 (11th Cir. 2007); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"   Fed. R. Civ. P. 4(h)(1)(A), (e)(1).   Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.   A private corporation may be served by serving process on the president, vice president or other head of the corporation and, in the absence of any such persons, on other corporate employees, including any officer or director.   Fla. Stat. § 48.081(1)(a)-(d).   As an alternative, process may be served on a registered agent of the corporation or an employee of the registered agent.   *Id.* § 48.081(3)(a).

Here, the Return of Service (Doc. 8) states that on June 22, 2015, Plaintiff's process server delivered a true copy of the Summons and Complaint upon Jean Notte, secretary to Harold Eskin, Esq., as registered agent for Gulf Coast Village Home Health, Inc., at 1420 S.E. 47th Street, Cape Coral, Lee County, FL 33904.   Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *Udoinyion v. The Guardian Security*, 440 Fed. Appx. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*,

Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1) and section 48.081(3)(a), Florida Statutes.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Gulf Coast Village Home Health, Inc. has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff, Luke Gladys' Motion for Entry of Default (Doc. 9) is **GRANTED**. The Clerk of Court is directed to enter default pursuant to Rule 55(a), Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record